## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WENDY COUSER, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 18-1221-JWB-GEB |
| CHRIS SOMERS, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Stay Discovery filed by defendants Chad Gay, in his individual and official capacity as Sheriff of Harvey County, and Harvey County ("Harvey County defendants") (**ECF No. 55**). After the motion was filed, all other named defendants joined the Harvey County defendants in seeking stay. (**ECF Nos. 57, 58, 71**.) On December 4, 2018, the Court held a telephone hearing to discuss the pending motion. Participating were the following counsel:

- Mark Loevy-Reyes and Josh Loevy (for Plaintiff);
- J. Steven Pigg (for Chris Somers);
- Corey M. Adams (for Anthony Hawpe, Skyler Hinton, and City of Newton);
- Charles E. Millsap (for Jason Achilles, Jerry Montagne, McPherson County, and McPherson County Sheriff's Office);
- Brian L. Bina (for McPherson County); and
- Toby Crouse (for Chad Gay and Harvey County).

After review of the parties' briefing and considering the arguments of counsel, Defendants' Motion to Stay was **GRANTED** by oral ruling at the hearing. This written opinion memorializes that ruling.

**I.   Background[1]**

Plaintiff Wendy Couser filed this 42 U.S.C. § 1983 and § 1988 civil rights case on August 8, 2018. She brings this action both individually and as administrator of the estate of her son, Matthew Holmes. On August 28, 2017, Plaintiff's son led officers on a high-speed chase in central Kansas, which concluded in his death after a McPherson County Sheriff's Deputy shot him. Plaintiff claims her son suffered from schizophrenia and was unarmed at the time of his death, and exited his vehicle with his hands up in surrender, but the officers both beat him and shot him, then failed to render medical care. Plaintiff asserts a number of claims, including: 1) excessive force in violation of the Fourth Amendment; 2) denial of Equal Protection in violation of the Fourteenth Amendment; 3) denial of medical care in violation of the Fourth and Fourteenth Amendments; 4) wrongful death and survival claims in violation of an unspecified constitutional provision; 5) lack of accommodation in violation of Title II of the Americans with Disabilities Act of 1990 (ADA); and 6) "respondeat superior" for unspecified state torts.

Defendants offer a much different portrayal of the facts, claiming Holmes and his passenger led law enforcement on a multi-county chase, starting in the City of Newton,

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1) and from the briefing surrounding the pending dispositive motions (McPherson County Defendants' Motion to Dismiss and related briefing, ECF Nos. 33, 34, 60, 73; Newton Defendants' Motion to Dismiss and related briefing, ECF Nos. 38, 39, 60, 74; Defendant Somers' Motion to Dismiss and related briefing, ECF No. 51, 52, 65, 82; Harvey County Defendants' Motion to Dismiss and related briefing, ECF Nos. 53, 54, 67, 86; Anthony Hawpe's Motion to Dismiss and related briefing, ECF Nos. 61, 62, 68, 83); and from the briefs regarding Defendants' Motion to Stay (ECF Nos. 55, 56, 57, 58, 64, 71, 77). This background information should not be construed as judicial findings or factual determinations.

Kansas and ending in the median of I-135 in McPherson County when officers disabled his vehicle. Defendants claim Holmes repeatedly urged the officers to shoot him, kicked at a K-9 dog which attempted to subdue him, refused to surrender despite orders to do so, and stood undeterred when beanbag rounds and a Taser were deployed. When Newton Officer Anthony Hawpe attempted to wrestle Holmes to the ground, Hawpe alerted the other officers that Holmes was attempting to grab his service weapon, and officer Chris Somers fired his weapon at Holmes. Defendants allege multiple officers provided medical treatment after the shooting, and claim there are numerous video recordings (from officers' dash and body cameras) of the incident which support their version of the events.

Plaintiff sues multiple law enforcement officers and agencies from the City of Newton, Harvey County, and McPherson County. Defendants Anthony Hawpe, Skyler Hinton, and the City of Newton are collectively referenced as the "Newton Defendants." Defendants Chad Gay, in his individual and official capacity as Sheriff of Harvey County, Harvey County Sheriff's Office, and Harvey County are denoted the "Harvey County Defendants." Defendants Jason Achilles, Jerry Montagne, McPherson County, and McPherson County Sheriff's Office are collectively referred to as the "McPherson County Defendants." Defendant Chris Somers is the McPherson County Sheriff's Deputy who fired the shot, and is sued and defending the case individually. The Complaint also names unknown officers from each of the three entities, bringing the case to a total of 14 defendants.

## II. Procedural Posture

All named Defendants filed motions to dismiss Plaintiff's Complaint (*see* Motions, ECF Nos. 33, 38, 51, 53, and 61), currently pending before District Judge John W. Broomes. In addition to other grounds, all individual defendants seek dismissal contending Plaintiff fails to state a plausible claim for relief, and on the basis of qualified immunity (Achilles and Montagne, ECF No. 33; Hinton, ECF No. 38; Somers, ECF No. 51; Gay, ECF No. 53; and Hawpe, ECF No. 61). Defendant McPherson County Sheriff Montagne claims Eleventh Amendment immunity for the official capacity claims against him (ECF No. 33), as does both the Harvey County Sheriff's Office and Harvey County Sheriff Gay (ECF No. 53).

Prior to any Fed. R. Civ. P. 16(b) scheduling in this case, and soon after filing their motion to dismiss, the Harvey County Defendants filed a motion to stay discovery (**ECF No. 55**). Thereafter, all other Defendants eventually joined in the motion to stay. (*See* Responses, ECF Nos. 57, 58, 71.) Plaintiff opposes a stay (Response, ECF No. 64). The Harvey County Defendants (ECF No. 77) and McPherson County Defendants (ECF No. 78) each filed a Reply, and the motion to stay ripened on November 20, 2018. Soon thereafter, the undersigned held oral arguments on the motion to stay. (*See* ECF Nos. 72, 80, 85.) After hearing the arguments of counsel, the Court determined a stay of discovery is appropriate, for the reasons that follow.

### III. Motion to Stay Discovery (ECF No. 55)

In their motion and memorandum (ECF Nos. 55, 56), the Harvey County defendants primarily argue a stay is necessary because they assert both qualified and Eleventh Amendment immunity defenses, which should mean immunity from the burdens and expenses of discovery. Additionally, they argue a stay would be appropriate under the *Wolf* factors (discussed *infra*, section III.A), because the claims against the Harvey County defendants are likely to be finally concluded as a result of the motion to dismiss, and no discovery is necessary for the dispositive motion to be decided.

The McPherson County defendants join in Harvey County's motion (ECF No. 57). They do not argue any additional bases for stay, but merely state they incorporate their motion to dismiss briefing and seek a stay of discovery for the legal reasons stated by the Harvey County defendants. Likewise, defendant Somers and the Newton defendants also join in the motion (ECF No. 58, 71), agreeing all pretrial proceedings, including discovery, should be stayed.

Plaintiff opposes any stay of the proceedings, arguing Defendants' qualified immunity defenses lack merit. (ECF No. 64.) Even so, she concedes it is within the Court's discretion to stay discovery on the individual capacity claims. But Plaintiff argues her Complaint includes several claims that are unaffected by immunity defenses, and staying discovery on all claims would unfairly prejudice her. She claims, under *Monell v. New York City Department of Social Services*,[2] the county and municipality defendants can be liable under § 1983 even when their individual employees are shielded

---

[2] 436 U.S. 658, 690–91 (1978).

by qualified immunity.³ She claims, even if the individual defendants are found to be immune from liability, the claims against the agencies will proceed, and fact discovery will be required from the individual defendants, so they would not be subject to any true burden. And, Plaintiff claims her ADA claims are unaffected by either qualified or sovereign immunity. Again, even if the individual defendants are successful on their immunity defenses, Plaintiff argues the ADA claims will survive and discovery from the individual defendants will still be necessary, even if they become third parties rather than named defendants. While Plaintiff does not address the *Wolf* factors (discussed *infra*, section III.A) in her briefing, she primarily focuses on the merits of Defendants' dismissal arguments.

In their Replies, the Harvey County (ECF No. 77) and McPherson County defendants (ECF No. 78) offer similar arguments. All contend both the qualified and Eleventh Amendment immunity defenses require a stay. Additionally, they argue even if some claims do not fail on the issue of immunity, bifurcating discovery would be inefficient, if not impossible, because all Plaintiff's claims arise from the same incident. Those defendants subject to a stay would still be required to participate in some forms of discovery to avoid being prejudiced later. Finally, the defendants contend even if some claims, such as the ADA claim, are not affected by the qualified immunity defense, the *Wolf* factors apply to stay all discovery.

---

³ *See* Pl.'s Response, ECF No. 64 at 3, citing *N.E.L. v. Douglas County, Colorado*, No. 17-1120, 2018 WL 3239239, at *5 (10th Cir. July 3, 2018).

## A. Legal Standard

A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.[4] The Court may exercise that power in the interest of economy of time and effort for itself and for counsel and parties appearing before it.[5] When discharging its discretion, the Court "must weigh competing interests and maintain an even balance."[6] The Tenth Circuit has cautioned, "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[7]

Recognizing this overarching right to proceed, the general policy of the District of Kansas is to continue with discovery during the pendency of dispositive motions.[8] However, there are recognized exceptions to this rule. One such exception applies where a defendant seeks dismissal based on absolute or qualified immunity.[9] Even if immunity is not at issue, the court considers whether any of the following three "*Wolf* factors" apply to make a stay of discovery appropriate:

1) where the case is likely to be finally concluded as a result of the ruling on the pending dispositive motion;

---

[4] *See Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016); *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).
[5] *Universal Premium Acceptance Corp.*, 2002 WL 31898217, at *1 (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)).
[6] *Pipeline Prods., Inc. v. Horsepower Entm't*, No. 15-4890-KHV-KGS, 2016 WL 1448483, at *1 (D. Kan. Apr. 13, 2016) (citing *Landis*, 299 U.S. at 255).
[7] *Kendall State Bank v. Fleming*, No. 12-2134-JWL-DJW, 2012 WL 3143866, at *2 (D. Kan. Aug. 1, 2012) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)).
[8] *Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994)).
[9] *Id.*; *see also Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1 (D. Kan. July 13, 2016) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990).

    2) where the facts sought through uncompleted discovery would not affect the resolution of the motion; or
    3) where discovery on all issues of the broad complaint would be wasteful and burdensome.[10]

The party seeking stay "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[11]

"[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[12] "Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings. One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit. The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed."[13]

---

[10] *Accountable Health Sols.*, 2016 WL 4761839, at *1; *Randle v. Hopson*, No. 12-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495).
[11] *Landis*, 299 U.S. at 255; *see Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015)).
[12] *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014) (citing *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)).
[13] *Pfuetze v. State of Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836, at *1 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley,* 500 U.S. 226, 232 (1991)); *see also Tennant v. Miller*, No. 13-2143-EFM-KMH, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (collecting cases staying discovery) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009) (noting that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses)).

**B. Discussion**

All specifically-named defendants[14] seek dismissal of this case in its entirety, for a variety of reasons, and after consideration of all relevant factors, the Court finds both the immunity defenses raised by Defendants and the *Wolf* factors weigh in favor of a stay.

All individual defendants raise qualified immunity defenses, and the case law is clear such defenses "protect [these individual defendants] against the burdens of discovery."[15] Additionally, the Harvey County defendants and the McPherson County Sheriff, in his official capacity, assert Eleventh Amendment immunity, which also typically bars the progress of discovery.[16]

Moreover, all three of the *Wolf* factors weigh in favor of stay. First, although this Court declines to express any opinion concerning the merits of the parties' ultimate claims or defenses, because they are matters to be determined by the trial court, if the motions are granted, the case would be dismissed in its entirety. Second, no party has so much as suggested additional discovery is necessary for the district court to decide the dispositive motions. Thus, any information sought through discovery would not affect the resolution of the motions. Finally, the Court finds discovery on all issues of the broad complaint would be wasteful and burdensome, given that all Plaintiff's claims stem from the same set of facts and all claims are the subject of dispositive motions.

Even if the Court could somehow parse out specific claims on which to move

---

[14] None of the "unknown officers" from each entity have formally entered this matter.
[15] *Stonecipher*, 759 F.3d at 1148 (10th Cir. 2014) (internal citations omitted)).
[16] *See Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (collecting cases from both the United States Supreme Court and the Tenth Circuit Court of Appeals staying discovery on the basis of immunity defenses).

forward with discovery, a number of opinions from this District have found bifurcated discovery to be inefficient, impractical, and prejudicial.[17] As Defendants have argued, the Supreme Court, in *Ashcroft v. Iqbal*,[18] found "[i]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the individual officers] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [the officers presenting immunity defenses] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."[19] The moving Defendants present compelling arguments regarding the potential burdens of discovery, which convince this Court that full-fledged and meaningful discovery would be onerous pending resolution of the multiple motions to dismiss.

### C. Conclusion

As discussed above, when immunity is asserted by dispositive motion, a stay of discovery is proper pending a ruling on the immunity issue. Here, multiple immunity defenses are raised. Additionally, discovery has not commenced and a Fed. R. Civ. P.

---

[17] Harvey County's brief, ECF No. 77 at 5, collecting cases. *See, e.g., Toney v. Harrod*, Case No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *2 (D. Kan. Nov. 7, 2018) (staying all discovery in a 3-year-old case, even as to non-moving defendant, finding the "inconvenience of a temporary stay pending rulings on the motions to dismiss is outweighed by the inefficiency of redundant depositions" and bifurcated discovery would be a "wholly inefficient alternative and inconsistent with the directive and spirit of Federal Rule of Civil Procedure 1"); *see also Alexander v. Bouse*, Case No. 17-2067-CM-JPO, 2017 U.S. Dis. LEXIS 124982, at *2 (D. Kan. Aug. 8, 2017) (granting a stay for all claims pending resolution of motions to dismiss, in party on immunity defenses, because "the common nucleus of facts underlying all [of Plaintiff's] claims makes bifurcating discovery impractical and potentially prejudicial" to the individual defendant).
[18] 556 U.S. 662, 685–86 (2009).
[19] *Id*.

16(b) scheduling conference has not been held. Exercising its discretion, and weighing Plaintiff's interest in proceeding with Defendants' arguments regarding potential burden, the Court finds a stay of full discovery appropriate under the circumstances of this case.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay (**ECF No. 55**) is **GRANTED.** Following decision on the pending dispositive motions, if the matter proceeds in any fashion, the Court will promptly reconvene the parties to address scheduling.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of February, 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge