# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WENDY COUSER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-1221-JWB-GEB ) |
| CHRIS SOMERS, et al., | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Stay Discovery pending appeal filed by Defendant Chad Gay (**ECF No. 99**); the motion filed by the Newton Defendants joining Gay's request to stay (**ECF No. 101**); Defendant Jason Achilles' Response offering no opposition to a stay (**ECF No. 104**); and Plaintiff's Response opposing a stay (**ECF No. 103**). On June 20, 2019, the Court held a conference to discuss the pending motions. Participating were the following counsel:

- Joshua Loevy (for Plaintiff);
- J. Steven Pigg (for Chris Somers);
- Edward Keeley (for Anthony Hawpe, Skyler Hinton, and City of Newton);
- Charles Millsap (for Jason Achilles); and
- Toby Crouse (for Chad Gay).

After review of the parties' briefing and considering the arguments of counsel, Defendants' Motions to Stay (**ECF Nos. 99 and 101**) were **GRANTED IN PART** by oral ruling at the hearing. This written opinion memorializes that ruling.

**I.      Background[1]**

The facts underlying this action have been explored in detail in earlier opinions and will not be belabored here. Summarily, Plaintiff Wendy Couser filed this 42 U.S.C. § 1983 and § 1988 civil rights case individually and as administrator of the estate of her son, Matthew Holmes. Mr. Holmes died in August 2017 after leading officers on a high-speed pursuit in central Kansas, after which a confrontation ensued between he and officers of at least three law enforcement agencies: the City of Newton, Harvey County, and McPherson County. Plaintiff claims her son suffered from schizophrenia and was unarmed at the time of his death. According to Plaintiff, he exited his vehicle with his hands up in surrender, but the officers both beat him and shot him, then they failed to render medical care. Defendants claim Holmes was confrontational and attempted to grab an officer's service weapon before he was shot. Defendants allege multiple officers provided medical treatment after the shooting and claim there are numerous video recordings (from officers' dash and body cameras) of the incident which support their version of the events.

Plaintiff initially sued multiple law enforcement officers from the three involved agencies. Defendants Anthony Hawpe, Skyler Hinton, and the City of Newton are collectively referenced as the "Newton defendants." Defendants Chad Gay, in his individual and official capacity as Sheriff of Harvey County, Harvey County Sheriff's Office, and Harvey County are denoted the "Harvey County defendants." Defendants

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), from the briefing surrounding the pending motions (ECF Nos. 99, 100, 101, 103, 104, 105), and from this Court's prior Memorandum and Order (ECF No. 87). This background information should not be construed as judicial findings or factual determinations.

Jason Achilles, Jerry Montagne, McPherson County, and McPherson County Sheriff's Office are collectively referred to as the "McPherson County defendants." Defendant Chris Somers is the McPherson County Sheriff's Deputy who fired the shot, and is sued and defending the case individually. The Complaint also names unknown officers from each of the three entities, bringing the case to an initial total of at least 14 defendants.

After several Defendants filed early motions to dismiss,[2] all sought stays of discovery. Following a hearing in December 2018, the undersigned stayed discovery pending resolution of the dispositive motions. (*See* Mem. & Order, ECF No. 87.)

In April 2019, District Judge John W. Broomes granted in part and denied in part the motions to dismiss. Jerry Montagne, McPherson County and McPherson County Sheriff's Department, and Harvey County and Harvey County Sheriff's Department were dismissed from the case. Although Judge Broomes also granted the majority of the Harvey County Defendants' motion to dismiss, including the personal capacity claim against Sheriff Gay, he denied Gay's claim of Eleventh Amendment immunity on the official capacity claim against him. (Mem. & Order, ECF No. 88.)

Upon filing of the decision on the dispositive motions, the undersigned set this matter for a scheduling conference. (Initial Order, ECF No. 89.) After the scheduling conference was ordered, Defendant Gay appealed Judge Broomes' order to the Tenth Circuit Court of Appeals. (ECF No. 90.) That appeal is now pending. Soon after filing his appeal, Defendant Gay filed his motion to stay discovery pending resolution of that appeal.

---

[2] Motions, ECF Nos. 33, 38, 51, 53, and 61.

(ECF Nos. 99, 100.) Following Gay's motion, the Newton Defendants joined in the request for stay with their own motion (ECF No. 101), and Defendant Achilles filed his non-opposition to a stay (ECF No. 104). After considering all briefings and hearing the arguments of counsel, the Court determined a partial stay of discovery is appropriate, for the reasons that follow.

## II. Motions to Stay Discovery (ECF Nos. 99, 101)

Defendant Gay seeks a stay of all discovery pending his appeal on the issue of Eleventh Amendment immunity (ECF Nos. 99, 100). He argues the appeal divests this Court of jurisdiction over him and requires continuation of the stay. He contends any "aspect of the case" which could or does involve either himself or Eleventh Amendment issues must be stayed pending resolution of his appeal. And, because all claims in this case involve a common nucleus of facts—the same incident involving all Defendants—if any discovery were to proceed, Gay and his counsel would either incur the expense and burden of monitoring and participating in discovery of other claims or bear the risks of not participating in litigation activities which could ultimately be relevant to Gay.

The Newton Defendants, although not involved in the appeal, also seek a stay. (ECF No. 101.) They do not assert any additional contentions, but merely incorporate the arguments asserted by Gay. Similarly, Defendant Achilles joins in the motions to stay (ECF No. 104) but makes no individual arguments. Defendant Chris Somers did not formally weigh in on the stay issue, although his counsel during the June 20 hearing noted his position was no different than the other Defendants.

Plaintiff opposes a blanket stay of all discovery. She agrees discovery against Gay related to her municipal liability claims under *Monell v. Department of Social Services*[3] must be stayed, due to Gay's appeal. But she contends the discovery needed to pursue her municipal liability claims against Defendant Gay will focus on his training and supervision of Harvey County officers. She argues this claim, and the related discovery, is but a portion of her case, and is entirely distinct from the discovery needed to establish liability against the remaining Defendants.

Plaintiff claims the discovery related to her excessive force claims will focus on the facts surrounding the shooting itself, and any information required which relates to Gay or any other Harvey County officer can be "independently discovered" without disturbing the sole issue on appeal. Plaintiff also asserts a *Monnell* claim against the City of Newton regarding its policies and practices, which are separate from the claims against Gay, so discovery on the municipal liability claim against the Newton Defendants could also proceed. Plaintiff argues the longer this case proceeds, the more witnesses' memories will fade, and witnesses will move away or develop a distorted narrative about what happened. It has already been nearly two years since the incident occurred. Plaintiff claims the risk of prejudice is too great and outweighs any interest in a blanket stay. To support her arguments, she cites the Court's interest in speedy resolution of claims and the public's interest in resolving an unreasonable force case.

---

[3] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978) (establishing standard under § 1983 for when a municipality may be held liable for the unconstitutional acts of its employee(s)).

A.  **Legal Standard**

A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.[4] The Court may exercise that power in the interest of economy of time and effort for itself and for counsel and parties appearing before it.[5] When discharging its discretion, the Court "must weigh competing interests and maintain an even balance."[6] The Tenth Circuit has cautioned, "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[7] The party seeking stay "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[8]

In the instance where a party seeks dismissal based on immunity, "[g]enerally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings. One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands

---

[4] *See Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016); *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).
[5] *Universal Premium Acceptance Corp.*, 2002 WL 31898217, at *1 (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)).
[6] *Pipeline Prods., Inc. v. Horsepower Entm't*, No. 15-4890-KHV-KGS, 2016 WL 1448483, at *1 (D. Kan. Apr. 13, 2016) (citing *Landis*, 299 U.S. at 255).
[7] *Kendall State Bank v. Fleming*, No. 12-2134-JWL-DJW, 2012 WL 3143866, at *2 (D. Kan. Aug. 1, 2012) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)).
[8] *Landis*, 299 U.S. at 255; *see Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015)).

customarily imposed upon those defending a long drawn out lawsuit. The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed."[9]

Here, dispositive motions have been decided, and the only remaining immunity issue is the subject of appeal by a single defendant. The interlocutory appeal divests this Court of jurisdiction over Defendant Gay and the issue of his immunity; however, this Court retains jurisdiction over collateral matters not involved in the appeal.[10] Here, a matter is collateral to the immunity issue if it is a "peripheral matter[] unrelated to the disputed right not to have defend the prosecution or action at trial."[11]

**B.     Discussion**

All Defendants[12] either specifically ask for a stay of discovery, pending resolution of Gay's appeal, or indirectly support a stay. Despite Plaintiff's opposition, after weighing the parties' interests, the Court finds the continuation of the stay of full-blown discovery is appropriate.

In similar situations where a single party appeals a decision and other parties weigh in on the issue of stay, other courts in this District have stayed entire cases while the issue

---

[9] *Pfuetze v. State of Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836, at *1 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley,* 500 U.S. 226, 232 (1991)); *see also Tennant v. Miller*, No. 13-2143-EFM-KMH, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (collecting cases staying discovery) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009) (noting that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses)).
[10] *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010).
[11] *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990).
[12] None of the "unknown officers" from each entity have formally entered this matter.

of immunity is resolved on appeal. For example, in *Bledsoe v. Jefferson County, et al.*,[13] the court found the parties "persuaded the court that the claims in the case are significantly intertwined with one another and so, it is impracticable to permit some aspects of the case to go forward during the appeal."[14] Similarly, in *Dirks v. Board of County Commissioners of Ford County, Kansas*,[15] the court continued a stay imposed during the pendency of motions to dismiss after two individual defendants appealed the issue of immunity, even over plaintiff's objection, finding "a defendant is generally entitled to have questions of immunity resolved before being required to engage in discovery."[16]

As previously noted, it is clear the intention of an immunity defense is not only to protect a defendant from liability, but also against the burdens of discovery.[17] There is no question that discovery from Sheriff Gay should not proceed, and the Court is not convinced discovery involving the other defendants may be separated from a practical standpoint. Although Plaintiff submits well-reasoned arguments to support moving forward with the issues not currently on appeal, after discussion with the parties, the Court maintains its earlier position on bifurcating discovery. In the prior order staying discovery, this Court found:

> Even if the Court could somehow parse out specific claims on which to move forward with discovery, a number of opinions from this District have found

---

[13] Case No. 16-2296-DDC-JPO, ECF No. 133 (D. Kan. Oct. 11, 2017). *Bledsoe* was a multi-defendant case where one defendant sought stay pending appeal, and there was no dispute regarding stay, although the issue was still analyzed.
[14] *Id*. at 1.
[15] Case No. 15-7997-JAR-GLR, ECF No. 43 (D. Kan. July 19, 2016).
[16] *Id*. at 2.
[17] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").

bifurcated discovery to be inefficient, impractical, and prejudicial.[18] As Defendants have argued, the Supreme Court, in *Ashcroft v. Iqbal*,[19] found "[i]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the individual officers] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [the officers presenting immunity defenses] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."[20] The moving Defendants present compelling arguments regarding the potential burdens of discovery, which convince this Court that full-fledged and meaningful discovery would be onerous pending resolution of the multiple motions to dismiss.

(Mem. and Order, ECF No. 87 at 9-10.) The Court stands on its prior reasoning, and finds bifurcation of the issues and related discovery would be both inefficient and prejudicial to defendant Gay.

### C. Conclusion

Exercising its discretion and weighing Plaintiff's interest in proceeding against Defendants' arguments regarding potential burden, the Court finds a stay of full discovery appropriate under the circumstances of this case. However, the Court does not find substantial prejudice in requiring Plaintiff and Defendants—except Defendant Gay—to serve on one another their Rule 26(a) initial disclosures and exchange any documents

---

[18] Harvey County's brief, ECF No. 77 at 5, collecting cases. *See, e.g., Toney v. Harrod*, Case No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *2 (D. Kan. Nov. 7, 2018) (staying all discovery in a 3-year-old case, even as to non-moving defendant, finding the "inconvenience of a temporary stay pending rulings on the motions to dismiss is outweighed by the inefficiency of redundant depositions" and bifurcated discovery would be a "wholly inefficient alternative and inconsistent with the directive and spirit of Federal Rule of Civil Procedure 1"); *see also Alexander v. Bouse*, Case No. 17-2067-CM-JPO, 2017 U.S. Dis. LEXIS 124982, at *2 (D. Kan. Aug. 8, 2017) (granting a stay for all claims pending resolution of motions to dismiss, in party on immunity defenses, because "the common nucleus of facts underlying all [of Plaintiff's] claims makes bifurcating discovery impractical and potentially prejudicial" to the individual defendant).
[19] 556 U.S. 662, 685–86 (2009).
[20] *Id.*

identified therein within 60 days of this order.  This will limit any potential prejudice to Defendant Gay, and permitting all parties to exchange disclosures will allow Plaintiff to assess the potential discovery lying with each party.  Once the dispositive motions are decided, the case may then quickly proceed with scheduling and full discovery.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Stay (**ECF Nos. 99, 101**) are **GRANTED in part** as set forth above.  Following resolution of the appeal, the Court will promptly reconvene the parties to address scheduling.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of June, 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge