## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ESTATE OF MATTHEW HOLMES, by and through )
administrator, WENDY COUSER, as administrator )
and individually, )
                                          Plaintiffs, )
vs. )
 )
CHRIS SOMERS; ANTHONY HAWPE; JASON )
ACHILLES; SKYLER HINTON; JERRY )
MONTAGNE, in his individual and official capacity )
as Sheriff of McPherson County; McPHERSON ) Case No. 18-1221-JWB-GEB
COUNTY; CITY OF NEWTON; CHAD GAY, in )
his individual and official capacity as Sheriff of )
Harvey County; HARVEY COUNTY; UNKNOWN )
OFFICERS FROM NEWTON POLICE )
DEPARTMENT; UNKNOWN OFFICERS FROM )
McPHERSON COUNTY SHERIFF'S OFFICE; )
UNKNOWN OFFICERS FROM HARVEY COUNTY )
SHERIFF'S OFFICE; McPHERSON COUNTY )
SHERIFF'S OFFICE; and HARVEY COUNTY )
SHERIFF'S OFFICE, )
                                          Defendants. )
_____ )

### NEWTON DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' IMPROPER ATTACHMENT TO THEIR REPLY BRIEF

Defendants Anthony Hawpe, Skyler Hinton, and the City of Newton (the Newton

Defendants) submit this motion, by and through their attorneys Edward L. Keeley and Corey M.

Adams, to strike the attachment to Plaintiffs' Reply filed in support of their motion to amend

pleadings. (*See* Doc. 129, 129-1). Specifically, Plaintiffs' Reply attaches a substantially different

proposed amended complaint than was attached to Plaintiffs' motion to amend. (*See* Doc. 114,

114-1). Plaintiffs have not complied with the local federal rules by preparing a substantially new

proposed amended complaint and attaching it to their Reply brief.

**BRIEF STATEMENT OF PERTINENT FACTS**

On or about August 9, 2018, Plaintiffs filed their original Complaint. (Doc. 1). Plaintiffs seek monetary damages against Defendants for the death of Matthew Holmes allegedly resulting from unconstitutional misconduct of the Defendants. (Doc. 1). Defendants deny the allegations.

On June 3, 2020, Plaintiffs sought leave of the Court to file an amended complaint. (Doc. 114). As is proper, they attached a proposed amended complaint to their motion. (Doc. 114-1). The Newton Defendants filed a Response opposing Plaintiffs' motion to amend on June 17, 2020, (Doc. 119). On July 8, 2020, Plaintiffs filed a Reply brief and attached a substantially different proposed amended complaint. (Doc. 129, 129-1). The Newton Defendants' counsel contacted Plaintiffs' counsel and objected to the Reply attachment, but Plaintiffs refused to withdraw it.

**ARGUMENTS AND AUTHORITIES**

**I.    PLAINTIFFS' PROPOSED SUBSTITUTE PLEADINGS ASSERT NEW ALLEGATIONS NOT RAISED IN THEIR ORIGINAL MOTION TO AMEND.**

Plaintiffs have attached a proposed amended complaint to their Reply brief which asserts allegations that were not raised in Plaintiffs' original motion to amend or in the original proposed amended pleading. (*See* Docs. 129 and 129-1). Plaintiffs' substitute of a new proposed amended pleading is improper and should be stricken. This Court has the inherent power to strike exhibits and arguments in reply briefs. *See Sarl v. Sprint Nextel Corp.*, No. CIV.A. 09-2269-CM, 2011 WL 346083, at *3 (D. Kan. Feb. 2, 2011). Indeed, this Court has stricken exhibits and arguments from a reply brief when the exhibits and discussion were raised for the first time in the reply. *See Capital Solutions, LLC v. Konica Minolta Bus. Solutions U .S.A., Inc.,* Nos. 08–2027–JWL, 08–2191– JWL, 2010 WL 446936, at *7 n. 7 (D.Kan. Feb. 5, 2010) (granting in part motion to strike new arguments from reply brief); *Kansas Waste Water, Inc. v. Alliant Techsystems, Inc.,* No. 02–2605–

JWL–DJW, 2005 WL 327144, at *1 (D.Kan. Feb. 3, 2005) (striking exhibits and discussion of new issues raised for first time in reply brief, but not striking the entire reply brief); *S.E.C. v. McNaul*, No. 08-1159-JTM, 2010 WL 4553437, at *1 (D. Kan. Nov. 3, 2010) ("the Court agrees that a party should not be entitled to 'sandbag' an opponent by raising new factual or legal arguments for the first time in a reply brief.").

Plaintiffs' new proposed amended complaint attached to their Reply brief contains new allegations that were not previously made in their original proposed amended pleading. Plaintiffs are blatantly and improperly trying to counter the Newton Defendants' arguments in their response brief that the original proposed amended complaint was futile. Defendants have no opportunity now, as a matter of right, to respond to the new arguments made in Plaintiffs' Reply or the substitute proposed pleadings. *See, e.g., King v. Knoll,* 399 F.Supp.2d 1169, 1173–74 (D.Kan.2005). (surreplies only allowed in rare circumstances). Allowing Plaintiffs' substitute pleadings to be filed would allow Plaintiffs to "sandbag" Defendants by raising new factual assertions in a proposed amended complaint without giving Defendants the opportunity to object. *See S.E.C.*, 2010 WL 4553437, at *1. Accordingly, Plaintiffs' attachment to their Reply brief should be stricken. *Id*.

## II.     PLAINTIFFS' HAVE NOT COMPLIED WITH FED. R. CIV. P. 15 AND LOCAL RULES 15.1 AND 7.1.

Furthermore, this Court should strike the attachment to Plaintiffs' Reply because Plaintiffs have not followed the required federal procedure for amending pleadings. Fed. R. Civ. P. 15(a)(2) states that a party may amend its pleading, when not allowed as a matter of course, "only with the opposing party's written consent or the court's leave." District of Kansas Local Rule 15.1 sets out the required procedure for requesting leave, stating that a request for leave to amend a pleading should be made by motion. In addition, Rule 15.1 requires the proposed amended pleading to be

attached to the motion to amend. Pursuant to District of Kansas Local Rule 7.1, a party opposing

the motion can respond and object to the motion to amend and proposed pleading. The local rules

do <u>not</u> provide for substituting a different proposed pleading when the movant files a reply brief.

Here, Plaintiffs attached a proposed substitute amended pleading for the first time to their

Reply brief. Again, this does not give Defendants the opportunity to respond opposing the

proposed substitute pleading because surreplies are typically not permitted. *King.* New factual

allegations are contained in Plaintiffs' proposed substitute pleading. Granting Plaintiffs' motion to

amend without giving Defendants the opportunity to object to the substitute pleading would be

unfair and against local District Court rules. Accordingly, Plaintiffs' attachment to their Reply

brief should be stricken. Rule 15.1.

## III.   IN THE ALTERNATIVE, THE NEWTON DEFENDANTS REQUEST THE OPPORTUNITY TO FILE A SURREPLY.

Although surreplies are typically not allowed, *See, e.g., King v. Knoll,* 399 F.Supp.2d

1169, 1173–74 (D.Kan.2005), such additional briefing is permitted in rare cases where a movant

improperly raises new arguments in a reply. *Hensley v. Orscheln Farm & Home, LLC*, No. 11-

4159-CM-GLR, 2012 WL 628201, at *1 (D. Kan. Feb. 27, 2012). In such a situation, leave of

court must be secured before filing a surreply. *Id*.

Here, Plaintiffs have argued (for the first time in their Reply brief) for leave to file a

substitute pleading not attached to their original motion. This newly proposed pleading contains

additional allegations which attempt to counter Defendants' arguments that the original proposed

amended pleading was futile. Thus, this is precisely the rare circumstance in which a movant has

improperly asserted new arguments in their Reply to which Defendants need to respond. Therefore,

in the alternative, these Defendants request the opportunity to file a surreply opposing Plaintiffs'

proposed substitute pleading.

## IV.    CONCLUSION

For all of the reasons discussed herein, the Court should strike Plaintiffs' attachment to their Reply brief. (*See* Doc. 129-1). In the alternative, the Court should permit the Newton Defendants to file a surreply directed at Plaintiffs' new proposed substitute pleadings.

Respectfully Submitted

McDonald Tinker PA

By: s/ Edward L. Keeley_____
Edward L. Keeley, #09771
Corey M. Adams, #27253
ekeeley@mcdonaldtinker.com
cadams@mcdonaldtinker.com
300 West Douglas, Suite 500
Wichita, KS 67202
Telephone:     (316) 263-5851
Facsimile:      (316) 263-4677
*Attorneys for Defendants City of Newton, Anthony Hawpe, and Skyler Hinton*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of July, 2020, I electronically filed the foregoing

**Newton Defendants' Motion to Strike Plaintiffs' Improper Attachment to Their Reply Brief**

with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic

filing to the following:

Arthur Loevy
Jonathan Loevy
Joshua L. Loevy
Mark Loevy-Reyes
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
*Attorneys for Plaintiffs*

J. Steven Pigg
FISHER, PATTERSON, SAYLER &
   SMITH, L.L.P.
3550 SW 5th St.
Topeka, KS 66606
*Attorney for Defendant Somers*

Nathaniel T. Martens
FLEESON, GOOING, COULSON
   & KITCH, L.L.C.
1900 Epic Center, 301 N. Main
Wichita, KS 67202
*Attorney for McPherson Defendants*

Brian L. Bina
KARSTETTER & BINA, L.L.C.
P.O. Box 1103
McPherson, KS 67460
*Attorney for McPherson Defendants*

Toby Crouse
CROUSE LLC
11184 Antioch, No. 253
Overland Park, KS 66210
*Attorney for Defendant Gay*

David E. Rogers
Kelsey Nicole Frobisher
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206
*Attorneys for Harvey County Defendants*

s/ Edward L. Keeley
Edward L. Keeley