# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WENDY COUSER, as administrator of the Estate of Matthew Holmes,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | **Case No. 18-1221-JWB-GEB** |
| ) | |
| CHRIS SOMERS, et al.,   ) | |
| ) | |
| Defendants.   ) | |
| ————————————————) | |

## MEMORANDUM AND ORDER
## and REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (**ECF No. 114**). After careful consideration of Plaintiff's motion and Reply (ECF No. 129), all Defendants' responses in opposition (ECF Nos. 118, 119, 120, 122) and Defendants' permitted surreplies (ECF Nos. 139, 140, 141), the Court **GRANTS IN PART and DENIES in part** Plaintiff's motion, and **RECOMMENDS DENIAL IN PART**[1] as to Plaintiff's proposed claim for indemnification for the reasons stated below.

---

[1] If a magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in a case, multiple courts have found such a ruling to be dispositive for which review may be sought pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *1 (D. Kan. June 30, 2008). *Compare Sprint Commc'ns Co. v. Cable One, Inc.*, No. 11-2685-JWL, 2014 WL 588068, at *1 (D. Kan. Feb. 14, 2014) (citing *Navegante Grp., Inc. v. Butler Nat'l Serv. Corp.*, No. 09-2554-JWL, 09-2466-JWL, 2011 WL 1769088, at *3 (D. Kan. May 9, 2011) ("[F]or purposes of the standard of review, a magistrate judge's denial of a motion to amend *for reasons other than futility* is a nondispositive order) (emphasis added). Because the undersigned recommends denial of the amendment of the proposed indemnification claim on the basis of futility, the magistrate judge issues a report and recommendation to the district judge on that issue.

## I.     Background[2]

The factual background of this matter has been explored extensively in prior orders (*see* Mem. and Orders, ECF Nos. 87, 88, 107) and will not be repeated here. Summarily, Plaintiff Wendy Couser filed this 42 U.S.C. § 1983 and § 1988 civil rights case individually and as administrator of the estate of her son, Matthew Holmes. Mr. Holmes died in August 2017 after leading officers on a high-speed pursuit in central Kansas, after which a confrontation ensued between he and law enforcement officers from three entities: the City of Newton, Harvey County, and McPherson County. Mr. Holmes was shot and died from his wounds.

Plaintiff initially sued multiple law enforcement officers from the three involved agencies. Defendants Anthony Hawpe, Skyler Hinton, and the City of Newton are referenced individually and collectively referenced as the "Newton defendants." Defendants Harvey County Sheriff's Office ("HCSO"), Harvey County, and Sheriff Chad Gay, are referenced individually and collectively denoted the "Harvey County defendants." Defendants Jason Achilles, Sheriff Jerry Montagne, McPherson County, and McPherson County Sheriff's Office ("MCSO") are referenced individually and collectively referred to as the "McPherson County defendants." Defendant Chris Somers is the MCSO Deputy who fired the fatal shot and is sued and defending the case

---

[2] Unless otherwise noted, the information recited in this section is taken from the briefs regarding Plaintiff's Motion to Amend (ECF Nos. 114, 118-120, 122, 129, 139-141), from Plaintiff's proposed Amended Complaint (ECF Nos. 114-1 and 129-1) and Complaint (ECF No. 1), and from the parties' briefs regarding Defendants' various motions to strike (ECF Nos. 130-133). This background information should not be construed as judicial findings or factual determinations.

individually. The Complaint also names unknown officers from each of the three entities, bringing the case to an initial total of 14 defendants.

Despite a gap in the formal numbering, Plaintiff's original Complaint contains only eight counts,[3] including: 1) excessive force in violation of the Fourth Amendment, 2) denial of Equal Protection in violation of the Fourteenth Amendment, 3) denial of medical care in violation of the Fourth and Fourteenth Amendments, 4) wrongful death and 5) survival claims, 6) municipal liability for failure to train/supervise; 7) lack of accommodation in violation of Title II of the Americans with Disabilities Act of 1990 ("ADA") (mislabeled "Count IX" of the Complaint), and 8) a claim of respondeat superior for unspecified state torts (Count X of the Complaint).  All Defendants filed motions to dismiss the Complaint (ECF Nos. 33, 38, 51, 53, and 61) and motions to stay discovery on the case (ECF Nos. 55, 57, 58, and 71). After a hearing, the undersigned granted the motions to stay (Mem. and Order, ECF No. 87, filed Feb. 21, 2019) and discovery was postponed pending a decision on the dispositive motions.

On April 17, 2019 Honorable District Judge John W. Broomes granted in part and denied in part the multiple motions to dismiss. (Mem. and Order, ECF No. 88.)  The Court dismissed six of Plaintiff's eight claims[4] in substance.  The Court dismissed all claims against McPherson County and the MCSO, all claims against Sheriff Montagne in his individual and official capacities, all claims against Harvey County and the HCSO,

---

[3] Plaintiff's original Complaint (ECF No. 1) does not include a Count VII or VIII; rather, it skips directly from Count VI to IX.  Keeping with the same numbering, Plaintiff's proposed amended complaints (ECF Nos. 114-1, 129-1) do the same.
[4] Counts 2 through 5, and Counts 7-8 (notated in the Complaint as Counts IX and X) were dismissed.

and Sheriff Gay in his individual capacity; and found Wendy Couser in her individual capacity was not a proper plaintiff and dismissed her claims. The two remaining claims are: 1) excessive force against the individual defendants, and 2) the municipal liability claims against Sheriff Gay in his official capacity and the City of Newton. (*Id.*)  Soon after the decision, Sheriff Gay filed an appeal. (Notice of Appeal, ECF No. 90.)

He then sought to stay discovery pending resolution of his appeal (Motion, ECF No. 99), a request which other defendants joined. (ECF Nos. 101, 104.)  After another hearing on the issue of stay, the undersigned granted the stay but required all parties— except Sheriff Gay—to serve on one another their Rule 26(a) initial disclosures and exchange any documents identified therein. (Mem. and Order, ECF No. 107, filed July 1, 2019.)

On May 22, 2020, the Tenth Circuit Court of Appeals affirmed Judge Broomes' decision. (Mandate, ECF No. 115, filed in D. Kan. on June 15, 2020.)  Twelve days later, Plaintiff filed her motion for leave to amend her complaint. (ECF No. 114, filed June 3, 2020.)

On October 20, 2020, the undersigned held a motion hearing to discuss the briefing regarding Plaintiff's request for amendment.   During this hearing, the undersigned denied, in part, Defendants' separate motions to strike the attachment included in Plaintiff's Reply brief. (Motions, ECF Nos. 130, 132; Order, ECF No. 137.) In response to Defendants' various arguments, Plaintiff proceeded in an unusual and typically disallowed procedural manner by introducing a new proposed amended pleading attached to her Reply brief (ECF No. 129-1), which Defendants opposed. But

striking Plaintiff's revised proposed amended pleading does not further the goals of moving this two-year-old case forward as efficiently as possible, in line with the directives of Fed. R. Civ. P. 1.  Because Plaintiff included entirely new allegations in her Reply, though, this is a rare circumstance where Defendants should be permitted to respond to alleviate any potential prejudice.[5]  In its discretion, and in furtherance of the goals of Rule 1, rather than require Plaintiff to refile a her motion for leave to amend and begin briefing again, the Court granted Defendants' motions in part by permitting Defendants to file surreply briefs.  (Order, ECF No. 137.)

All briefing related to Plaintiff's motion to amend is now complete, and the issue of amendment is ripe for decision.

## II.    Motion to Amend (ECF No. 114)

### A.    Legal Standard for Amendment

The standard for permitting a party to amend his or her complaint is well established.  A party may amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading.  However, in cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2).

---

[5] *Green v. New Mexico,* 420 F.3d 1189, 1196–97 (10th Cir. 2005) ("Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply.").  *See also Pippin v. Burlington Res. Oil and Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[6]  The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[7] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[8] The Tenth Circuit Court of Appeals acknowledged that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[9] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[10]  With these standards in mind, this Court evaluates Plaintiff's motion.

## B.      Parties' Positions

Due to the nature of the issues, the number of parties, and each parties' separate briefing, the Court addresses the varying positions in turn. To the extent some Defendants' arguments are in union, the Court notes such agreement.

---

[6] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[7] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc*., No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

[8] *Hinkle v. Mid-Continent Cas. Co*., No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

[9] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (citing *Minter*, 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[10] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

### 1.     Plaintiff's Position

In her initial motion, Plaintiff seeks to accomplish two primary goals through amendment:  1) replace McPherson and Harvey Counties and the related sheriff's offices as parties (all of which were dismissed), with the counties' boards of commissioners; and 2) add a Count XI of indemnification under K.S.A. § 75-6109 against the government entity defendants. In this new indemnification claim, she seeks a court order against the government entity defendants and sheriffs to pay any damages assessed against their employees in this lawsuit.  Plaintiff maintains the proposed amendments do not change claims against any other parties—except, Plaintiff intends to retain the claims that were dismissed by Judge Broomes "only to preserve any possibility of appeal of those claims." (ECF No. 114 at 3, n.1.)

Plaintiff argues no party will be prejudiced by amendment, given no schedule has been entered in this case and no activity has occurred, due to the stays related to dispositive motions and appeal.

As discussed above, in Plaintiff's Reply brief, she addresses the Defendants' responses, in part, by attaching a newly-proposed amended complaint to her brief. (ECF No. 129-1.) Plaintiff's updated pleading includes additional factual policy and practice allegations against Sheriff Montagne and proposed defendant Board of Commissioners of McPherson County, based upon evidence Plaintiff claims she learned in 2020. Plaintiff contends these new facts cure the earlier dismissal of her municipal liability claims against the McPherson County defendants by including facts demonstrating they permitted Defendant Somers to remain on duty at the time he shot Matthew Holmes, even

though Somers had been alleged to have committed an aggravated battery. (Pl.'s Reply, ECF No. 129 at 3-4; Proposed Amendment, ECF No. 129-1 at ¶ 46.)

Additionally, she contends her proposed indemnification claim is viable. She argues K.S.A. § 75-6109 and § 75-6116 of the Kansas Tort Claims Act ("KTCA") authorize indemnification in a federal civil rights case like this. Although Sheriff Gay cites the Tenth Circuit case of *Lampkin v. Little*[11] to support his argument that Plaintiff cannot bring an independent claim for indemnification, Plaintiff contends the court in *Lampkin* considered the Oklahoma Tort Claims Act, not the KTCA, so the analysis does not apply. (ECF No. 129 at 11, citing *Lampkin*.[12])

Plaintiff admittedly does not counter the arguments raised by Defendants to exclude the previously-dismissed parties and claims from any amended pleading. Plaintiff maintains if the Court does not agree she must include those items in the proposed Amended Complaint to preserve her ability to appeal their dismissal, she will modify her proposed amendment. (ECF No. 129 at 5, n. 3.)

## 2. Defendant Achilles' Position (Resp., ECF No. 118; Surreply, ECF No. 139)

Defendant Achilles (and the previously-dismissed McPherson County defendants)[13] argue Plaintiff's proposed amendment "does less to bring the pleadings in conformity with the Court's prior order and more to muddy the water by re-alleging

---

[11] *Lampkin v. Little*, 85 F. App'x 167, 170 (10th Cir. 2004).
[12] *Id.* (*see* discussion *infra* part II(C)(2)(c)(ii), p. 24).
[13] In the McPherson County defendants' initial Response brief (ECF No. 118), all the McPherson County defendants joined the briefing, despite Sheriff Montagne, McPherson County and MCSO having been dismissed.  In the Surreply (ECF No. 139), only Achilles files the brief.  For ease of reference, the Court refers to Defendant Achilles as the filer.

claims that have already been dismissed." (ECF No. 118 at 3.)  Focusing on the futility of the proposed amendment, Achilles initially argues it is futile for two reasons: 1) the substitution of the McPherson County Board of Commissioners for the MCSO office would be moot as a result of Judge Broomes' earlier order, and 2) Plaintiff has no viable claim for indemnification. In a footnote, Achilles also takes issue with some of Plaintiff's factual allegations in the proposed amendment—claiming some of the facts from the Complaint should now be omitted and/or clarified as a result of Plaintiff having been provided video footage from the incident. (ECF No. 118 at 3 n. 4, citing ECF No.  114-1, ¶ 1).[14]

Regarding the futility of the municipal liability claim, Achilles in his Response (ECF No. 118) initially argues Judge Broomes' prior ruling found Plaintiff failed to allege sufficient facts to state a plausible claim for municipal liability against the MCSO and Sheriff Montagne in his official capacity. He contends the amendment Plaintiff proposed does nothing to fix these legal deficiencies, despite the substitution of the Board of Commissioners, and it is therefore futile.  In his Surreply, he acknowledges the newly-proposed amendment includes new facts claiming the Board and/or its Sheriff knew Defendant Somers "was a unique risk to use excessive force" and provided two examples: on July 23, 2017, Somers was alleged to have committed an aggravated

---

[14] For example, Plaintiff continues to contend Holmes exited the vehicle with his hands raised in surrender, but Judge Broomes observed in his order, "the videos belie the assertion that Holmes exited the vehicle with his hands raised. Indeed, the videos depict a much more chaotic scene than suggested by the complaint." (ECF No. 88 at 6 n.5.) Also, Plaintiff continues to allege the Defendants failed to provide "any medical care to Matthew Holmes." (ECF No. 118 at 3 n.4, citing ECF No. 114-1, ¶ 69).  But Achilles infers the videos show medical care being provided.

battery, and he "subsequently faced felony charges for that incident" along with another aggravated battery on December 24, 2017. (ECF No. 129-1 ¶ 46.)  However, despite these newly-alleged facts, Achilles maintains Plaintiff's claim is still legally insufficient because she fails to notate who knew what, and when.  Achilles contends Plaintiff's allegations are vague and conclusory and do not cure the dismissed municipal liability claims. (ECF No. 139 at 3-4.)

Additionally, in his Response (ECF No. 118), Achilles maintains the indemnification claim is also futile, for four reasons: 1) K.S.A.§ 75-6109 provides a limited basis for indemnification in the specific context of defending Kansas tort law claims—but Plaintiff has not asserted any state law tort claims; 2) even if the statute imposes municipal liability for federal civil rights claims, the right to request indemnification belongs only to the government employee, which clearly does not apply here; 3) if Plaintiff did intend to bring such a claim under the KTCA, she was required to first notify the municipality under K.S.A. § 12-105b; and 4) regarding Sheriff Montagne, the claim would fail because the KTCA imposes indemnification only on the "governmental entity", which is only the state agency or municipality—not on the individual employee. In his Surreply, Achilles notes the additional statute cited by Plaintiff still fails to state a plausible claim.  He argues both K.S.A.§ 75-6109 and § 75-6116 apply only to state law tort claims, and a plain reading of § 75-6116 demonstrates government entities have no obligation to indemnify unless and until Plaintiff's claims are settled or a judgment is entered against one of the individual officers. (ECF No. 139 at 5.)

Finally, Achilles argues permitting Plaintiff to retain the claims previously dismissed would create procedural questions.  He cites both a District of Nebraska case[15] and the Tenth Circuit case of *Davis v. TXO Production Corp.*[16] to support his position that Plaintiff's reassertion of dismissed claims is not necessary to preserve her right to later appeal the dismissal.

### 3.    Newton Defendants' Position (Resp., ECF Nos. 119, Surreply, ECF No. 140)

Like Achilles, the Newton defendants generally argue Plaintiffs' motion would necessitate additional motions to dismiss which would cause additional unnecessary delay and should be denied for this reason.   Additionally, they contend the previously-dismissed claims should not be included in any amendment.

In their separate argument regarding delay, the Newton defendants contend Plaintiff relies on the same facts alleged since the inception of the case, and she could have sought amendment years ago.   By waiting, they contend the defendants are prejudiced.  They argue "[t]his action is certainly already delayed—in almost two years this case has barely passed the pleadings stage. Another round of dispositive motions will add additional time and expense."  (ECF No. 119 at 4.)

In their Response, the Newton Defendants also maintain Plaintiff's new claim of indemnity is futile for three reasons. (*Id.* at 5.)  First, they argue "a cause of action in

---

[15] Def. Achilles' Resp., ECF No. 118 at 11, citing *Fjellin for Leonard Van Liew Living Tr. v. Penning,* No. 8:14CV77, 2015 WL 13101919, at *1, n.1 (D. Neb. May 11, 2015) (collecting extensive authorities).

[16] Def. Achilles' Resp., ECF No. 118 at 12, citing *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).

indemnity does not accrue until the indemnitee has suffered an actual loss," and none of the City's employees have suffered a loss resulting from this lawsuit; therefore, the proposed claim is premature at best.  (ECF No. 119 at 5.)  Second, the indemnification statute, K.S.A. § 75-6109, was enacted to provide indemnity to employees who act within the scope of their employment, not to provide a separate cause of action for non-employee plaintiffs against the employer.[17]  Finally, the Newton Defendants argue the indemnification claim is duplicative. They contend even if Plaintiff had the right to assert the indemnity held by the City of Newton's employees, that claim is "duplicative of the tort claims already asserted by Plaintiffs against the employees." (*Id.* at 6.) In their Surreply, the Newton Defendants note even the new statute cited by Plaintiff, K.S.A. § 75-6116, does note cure the futility of the claim because it does not apply to this case unless or until there were a judgment against the individual officers that is not covered by the City's insurance policy. (ECF No. 140 at 3.)

With regard to the prior-dismissed claims, the Newton Defendants do not object to Plaintiff's preservation of her appeal rights, but they do object to the extent Plaintiff seeks to replead causes of action which were previously dismissed. (*Id.*)

### 4.    Defendants Chris Somers' Position (Resp., ECF No. 120)

In his Response, Defendant Somers adopts and joins the arguments made by Achilles (ECF No. 118) and those made by the Newton defendants (ECF No. 119), with just one exception.   Somers disagrees with Achilles' argument that the duty of

---

[17] Newton Defs.' Resp., ECF No. 119 at 6, citing *Nash v. Blatchford*, 56 Kan. App. 2d 592, 621, 435 P.3d 562, 582 (2019) (concurrence), review denied (Sept. 9, 2019).

McPherson County to indemnify its employees for actions in the course of their employment under K.S.A. § 75-6109 applies only to state law tort claims, not federal claims. Somers takes issue with this and argues K.S.A. § 75-6109 contains no such limitation. Somers also agrees Plaintiff has no viable claims under the indemnity statutes but contends he would be entitled to indemnification by McPherson County (his employer) under both K.S.A. § 75-6109 and K.S.A. § 75-6116(c) if a judgment is entered against him, whether under state or federal law. But he contends, like the other defendants, any right to indemnification will not accrue until and unless such a judgment is entered against him. (ECF No. 120 at 1-2.) Somers did not file a Surreply.

### 5. Defendant Sheriff Gay's Position (Resp., ECF No. 122; Surreply, ECF No. 141)

Sheriff Gay largely repeats the primary arguments made by other Defendants: Plaintiff cannot replead previously-dismissed claims; and the new proposed claims are futile. Of the three claims remaining in Plaintiff's proposed pleading, excessive force is not claimed against Sheriff Gay, so he takes no issue with that. However, he argues the other two claims—municipal liability and indemnification—are both futile and leave to amend should be denied.

Sheriff Gay contends the municipal liability claim is futile because "there is no claim for municipal liability unless that municipality's employee commits an underlying violation." (ECF No. 122 at 4.) He argues the proposed amended complaint "does not name the officer or the entity for whom the officer works. Instead, it refers to the officer as a John Doe defendant who was allegedly employed by one of the three responding

entities. That is insufficient as a matter of law" because it does not provide an adequate description of the officer. (*Id.* at 4-5.)   However, Sheriff Gay admits Judge Broomes previously acknowledged both the Complaint and the parties' dispositive motion briefing "indicates that Plaintiff believes this officer was an HCSO officer." (*Id.* at 5, citing ECF No. 88 at 6 n. 6.)

Sheriff Gay adopts Achilles' arguments (ECF No. 118 at 7-11) to reason indemnification is not applicable to either federal claims or to Sheriff Gay.   He also argues the claim is futile because in order to claim indemnification, there must be an underlying constitutional violation, which does not exist here. (ECF No. 122 at 5).[18] Finally, Sheriff Gay agrees with the other defendants that Plaintiff cannot bring an indemnification claim because it is a right that only county employees may invoke.[19]

C.    **Analysis**

Because the Court permitted Defendants to opine on the newly-proposed amendment presented in Plaintiff's Reply brief, the Court considers only this revised proposed pleading to determine whether amendment is proper.   Although the extensive briefing suggests otherwise, the issues before the Court are not as convoluted as they seem.   The issues may be condensed to four primary disputes:  1) Plaintiff's inclusion of previously-dismissed claims; 2) the futility of the newly-pleaded claims against the McPherson County defendants and Sheriff Gay; 3) the futility of the proposed

---

[18] Def. Sheriff Gay's Resp., ECF No. 122 at 5, citing *Camuglia v. The City of Albuquerque*, 448 F.3d 1214, 1223 (10th Cir. 2006).
[19] Def. Sheriff Gay's Resp., ECF No. 122 at 5, citing *Lampkin v. Little*, 85 F. App'x 167, 170 (10th Cir. 2004).

indemnification claim; and 4) whether Plaintiff's request to amend is unduly delayed. Each is addressed in turn.

### 1.    Prior-Dismissed Claims

Plaintiff seeks to include her prior-dismissed claims and parties in her proposed amendment out of an abundance of caution, for fear she will lose her ability to later appeal their dismissal.  But the Tenth Circuit Court of Appeals in *Davis v. TXO Prod. Corp.*[20] reviewed earlier authority and clarified:

> [w]hile the pleader who amends or pleads over, waives his objections to the ruling of the court on indefiniteness, incompleteness, or insufficiency, or more technical defects in pleadings, he does not waive his exception to the ruling which strikes 'a vital blow to a substantial part' of his cause of action. . . . [R]equiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party.[21]

In accordance with this binding authority, Plaintiff is not required to replead the dismissed claims.  The Court acknowledges there may be some trepidation on Plaintiff's part, given a later unpublished Tenth Circuit opinion in *Nelder v. Worley*;[22] however, this Court and at least one other opinion in this District[23] find *Davis* to be the controlling view.  If Plaintiff is unconvinced, she is free to reiterate the preservation of her dismissed

---

[20] *Davis v. TXO Prod. Corp.*, 929 F.2d 1515 (10th Cir. 1991).

[21] *Id.* at 1517-18.

[22] *Nelder v. Worley,* 616 Fed. Appx. 397 (10th Cir. Oct. 16, 2015).

[23] *See Robinson v. Wichita State Univ.*, No. 16-2138-DDC-GLR, 2018 WL 3369443, at *2 (D. Kan. July 10, 2018) (discussing *Nelder,* 616 Fed. Appx. 397, which held, in a footnote, it would not consider claims against two defendants named in the original complaint, but omitted from his amended complaint. The *Robinson* court found *Davis v. TXO Prod. Corp.* controlling; however, acknowledged *Nelder*'s finding.)

claims through some method well short of restating the dismissed claims.[24]  But fully repleading them does nothing but confuse the pending issues before this Court and invite additional motion practice in an already belabored case.  Therefore, Plaintiff's motion to amend her Complaint is **DENIED** to the extent she seeks to include the previously-dismissed parties and claims in her proposed Amended Complaint.[25]

### 2.      Futility

As the party opposing amendment, Defendants bear the burden of establishing its futility.[26]  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[27]  The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light

---

[24] For example, Plaintiff could perhaps include a footnote or some other notation, and/or incorporate the prior claims by reference—albeit very specifically, so as not to confuse those claims which remain pending. *See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) (discussing, "An amended pleading may adopt some or all of the averments of the original pleading in conformity with the incorporation by reference practice permitted by Rule 10(c). However, the identification of the particular allegations to be incorporated must be direct, clear, and explicit;" also citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) ("Incorporation by reference in an amended complaint validly preserved and presented the traditional tort claims included in the original complaint when there was no indication that *either the defendant or the court was confused about the nature and extent of the incorporation*.") (emphasis added; other internal citations omitted)).

[25] Because this portion of Plaintiff's motion is denied as the claims were previously dismissed, the undersigned denies the request outright rather than issuing a recommendation to the district judge.  *See generally* discussion *supra* note 1.

[26] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[27] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999)); *see also Neonatal Prod. Grp.*, 2015 WL 1957782, at *2 (internal citations omitted).

most favorable to the pleading party."[28]  Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[29] should the court find the amendment futile.

### a.   Futility of the Municipal Liability Claim against the McPherson County Defendants[30]

As noted, the earlier order dismissed the McPherson County defendants except Achilles. Regarding Plaintiff's municipal liability claims against the McPherson County defendants, including Sheriff Montagne in his official capacity, the Court found Plaintiff's allegations fell into two theories:  1) failure to train and 2) failing to supervise and hold officers accountable for misconduct. (ECF No. 88 at 32.)  The Court found Plaintiff had "not sufficiently alleged deliberate indifference with respect to the MCSO" on her failure-to-train theory, and "failed to allege any other factual support regarding the inadequacy of the training to show that the MCSO had knowledge of its inadequacies and deliberate indifference in failing to act." (*Id*. at 34-35.)  On her failure-to-supervise-and-discipline theory, the Court found Plaintiff failed to "cite any specific incidents" concerning the MCSO. (*Id*. at 35-36.)

---

[28] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).

[29] *Id*. (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[30] As noted above, the MCSO and McPherson County were dismissed as non-suable entities. Although only Defendant Achilles now opposes the amendment, (see *supra* note 13) the Court recognizes Plaintiff seeks to substitute the McPherson County Board of Commissioners as the entity defendant in their place. Therefore, the Court acknowledges the practical effect of permitting such amendment by addressing the McPherson County defendants, as a whole.

In Plaintiff's initial Complaint, she alleged only that "*On information and belief,* McPherson County, MCSO, and/or the Sheriff of MCSO have taken no action to remedy the problem of MCSO officers' use of excessive force despite repeated complaints about excessive use of force by its officers." (ECF No. 1, ¶ 47, emphasis added.) This failure to provide any facts led to the dismissal described above.  But in Plaintiff's newly-proposed amendment, she includes a new paragraph ¶ 46 which includes the following additional allegations:

> The Board of Commissioners of McPherson County and/or the Sheriff of MCSO have taken no action to remedy the problem of MCSO officers' unlawful use of violence. In particular, the Board of Commissioners of McPherson County and/or the Sheriff of MCSO knew that Defendant Somers was a unique risk to use excessive force. For example, just one month before he fatally shot Mr. Holmes, on July 23, 2017, Defendant Somers was alleged to have committed an aggravated battery. He subsequently faced felony charges for that incident as well as an aggravated battery on December 24, 2017—four months after he fatally shot Mr. Holmes. Despite this knowledge, the Board of Commissioners of McPherson County and/or the Sheriff of MCSO maintained a policy and/or practice of failing to supervise officers who unlawfully used violence that knowingly allowed Defendant Somers, a known threat to use excessive force, to remain on duty, including but not limited to allowing him the ability to use excessive force, including but not limited to excessive deadly force.

(ECF No. 129-1 at 8-9.)

Despite these additional facts, Achilles maintains this amendment remains futile, because Plaintiff still does not provide enough factual detail to make her claim plausible. Achilles argues Plaintiff does not specifically allege what type of knowledge which of the McPherson County defendants had, and at what time.  (ECF No. 139 at 3-4.)

Although slightly different standards apply to each theory of liability ("failure to train and supervise," or "policy and custom") as thoroughly analyzed in the earlier Order (ECF No. 88), the Court clearly found Plaintiff failed to allege any facts to support her claims against the McPherson County defendants in her initial Complaint. Regarding the failure-to-train allegations, at this early stage, the Court found Plaintiff's claims of a "pattern of similar constitutional violations" were sufficient to allege deliberate indifference by the Newton and Harvey County defendants. (ECF No. 88 at 34.) However, because Plaintiff had only alleged this single violation against Holmes, with no other facts, Plaintiff's claims against the McPherson County defendants for failure to train was dismissed. (*Id*. at 35.)

As to Plaintiff's failure-to-supervise-and-discipline claim, Judge Broomes similarly found Plaintiff "failed to cite to any specific incidents concerning the MCSO." (*Id*. at 36.) Now, however, Plaintiff has cited to at least one additional incident prior to Holmes' shooting.

At this stage of the proceedings, the Court must accept as true the facts presented in Plaintiff's proposed amendment and must view all reasonable inferences from those facts in Plaintiff's favor.[31] Much as Judge Broomes found in the earlier order, at this pleading stage, the burden on Plaintiff is less than that later required at summary judgment.[32] Remedying the deficiencies in her earlier pleading, Plaintiff has now alleged

---

[31] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson,* 499 F.3d at 1238) (internal citations omitted).

[32] *See* ECF No. 88 at 34 n.15, noting "At this stage of the proceedings, the court finds that Plaintiff has sufficiently alleged deliberate indifference with respect to the NPD and HCSO," but

a pattern of constitutional violations specific to the McPherson County defendants. Viewing the newly-added allegations in the light most favorable to Plaintiff, the Court finds them sufficient to permit amendment.

Therefore, the Court does not find the proposed municipal liability claims against the McPherson County Board of Commissioners or Sheriff Montagne in his official capacity to be clearly futile and will permit Plaintiff to amend her complaint on those claims.

Somewhat related to the issue of futility is another argument presented by the McPherson County defendants.  As noted above, Achilles also takes issue with some of Plaintiff's factual allegations in the proposed amendment—claiming some of the facts from the Complaint should now be omitted and/or clarified as a result of Plaintiff having been provided video footage from the incident. (ECF No. 118 at 3 n. 4, citing ECF No. 114-1, ¶ 1.)  However, the Court finds this to be a factual dispute best resolved through discovery and later dispositive motions, not an issue which would prevent amendment of the complaint.  In the order on the motions to dismiss, the Court declined to consider the videos in deciding the motions and suggested the facts should be developed through the course of the case.[33]  Although Plaintiff is cautioned to ensure the allegations contained

---

noting that "at the summary judgment stage, however, previous complaints of excessive force will not support a finding that there was a policy of those the complaints lacked merit.  The court declines to review the factual circumstances of the previous litigation at this stage of the proceeding."

[33] *See* Mem. and Order, ECF No. 88 at 3-4 (finding, "At this stage, the court cannot evaluate competing interpretations of the videos and, having reviewed the videos, the court finds that certain events and statements included therein may be susceptible to more than one interpretation. Ultimately, evaluation of the videos in this case will be aided by testimony and possibly other forms of evidence that can be considered at summary judgment or at trial.")

in the amended pleading do not rise to the level of frivolousness, at this stage of the litigation, the Court will not deny amendment on the basis of a factual dispute, particularly when tasked with reviewing facts in the light most favorable to Plaintiff.

> b.   **Futility of the Municipal Liability Claim against Sheriff Gay (and the Harvey County Defendants)[34]**

Sheriff Gay's primary argument against Plaintiff's revised proposed Amended Complaint is that it fails to state a municipal liability claim against him because Plaintiff failed to adequately plead an underlying constitutional violation by an HCSO officer.  As noted in Sheriff Gay's Response, a municipal liability claim is not viable unless that municipality's employee commits an underlying violation.[35]  He claims the proposed complaint fails because, although it names "Unknown Officers," it does not specify the entity for whom the officer works.  However, this argument was addressed in a footnote of the earlier order—a fact acknowledged by Sheriff Gay in his Response. (ECF No. 122 at 5, citing ECF No. 88 at 6 n. 6.)  In the order, the Court notes "an unknown HCSO officer allegedly hit Holmes on his head with the butt of a shotgun" and in a footnote explains, "The complaint states . . . the officer was employed by HCSO [and] this officer was from HCSO (or MCSO or NPD). The parties' briefing indicates that Plaintiff believes this officer was an HCSO officer." (ECF No. 88 at 6, n. 6.)  At this phase of the

---

[34]  As noted above, the HCSO and Harvey County were dismissed as non-suable entities. Although only Defendant Sheriff Gay now opposes the amendment, the Court recognizes Plaintiff's amendment seeks to substitute the Harvey County Board of Commissioners as the entity defendant in place of the dismissed parties.  Therefore, the Court acknowledges the practical effect of permitting such amendment by addressing the Harvey County defendants, as a whole.

[35]  Sheriff Gay's Resp., ECF No. 122 at 4-5 (citing *e.g.*, *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316–17 (10th Cir. 1998); *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1223 (10th Cir. 2006)).

case, the Court is obligated to views the facts in the light most favorable to Plaintiff. The Court previously believed the facts presented were not so lacking as to justify dismissal of Plaintiff's municipal liability claim against Sheriff Gay and the Harvey County defendants; therefore, this Court will not deny amendment on this basis.

### c.     Futility of the Indemnification Claim

In Plaintiff's proposed amended pleadings, she seeks to include a state law claim for indemnification under two Kansas statutes, K.S.A. § 75-6109 and § 75-6116. Plaintiff seeks to hold each entity and the two sheriffs liable to pay any damages rendered against any individual law enforcement officer acting in his/her capacity as a law enforcement officer. (*See* ECF No. 129-1 at ¶ 94.)    All Defendants contend Plaintiff's proposed indemnification claim is futile, for a variety of reasons as outlined more specifically above (*supra* sections B(2)-(5)).

A review of each statute cited by Plaintiff is prudent.  The first statute, K.S.A. § 75-6109, "known as the indemnity provision, provides that 'a governmental entity is liable, and shall indemnify its employees against damages, for injury or damage proximately caused by an act or omission of an employee while acting within the scope of his or her employment.'"[36]  The second provision, K.S.A. § 75–6116, "requires a governmental entity to pay 'any judgment' secured against an employee in his official or individual capacity if the employee 'violates the civil rights laws of the United States' and if other conditions are met."[37]

---

[36] *Jones v. Courtney*, 466 F. App'x 696, 697 (10th Cir. 2012) (citing K.S.A. § 75-6109).
[37] *Courtney*, 466 F. Appx. at 697 (citing K.S.A. § 75–6116(a)–(b)).

Although federal law examining these statutes is sparse, a 2011 unpublished opinion from the District of Kansas analyzing both laws is particularly instructive.  In *Jones v. Courtney*,[38] the magistrate judge considered both K.S.A. § 75-6109 and § 75-6116 in the context of a plaintiff's motion for a hearing in aid of execution of judgment.  After securing a judgment against a correctional officer, plaintiff Milo Jones—a former inmate—was unable to locate the defendant to execute on the judgment.  Plaintiff sought to then collect the judgment directly from defendant's employer, the Kansas Department of Corrections ("KDOC").   Although the magistrate judge found the plain language of the statutes

> suggests that Mr. Jones has at least a colorable argument that the [KDOC] is liable for the damages caused by [defendant]'s actions and has an obligation to pay the judgment entered against [defendant], Mr. Jones has not cited, and the court cannot find, any case in which a prevailing plaintiff has been permitted to use the KTCA to recover a judgment directly from a non-party state entity, rather than through a defendant-employee.[39]

The *Courtney* court found two Tenth Circuit opinions particularly persuasive to its analysis: *Smith v. Cummings*, and *Lampkin v. Little*.[40]

          i.    <u>*Smith v. Cummings*</u>.   In the 2006 case of *Smith v. Cummings*,[41] the Kansas federal district court entered default judgment against a Kansas prison guard on a prisoner's § 1983 civil rights claim and awarded the prisoner both

---

[38] *Jones v. Courtney*, No. 04-3255-JWL-JPO, ECF No. 210 (D. Kan. July 14, 2011) (unpublished).
[39] *Id*., ECF No. 210 at 4.
[40] *Id*.
[41] *Smith v. Cummings*, 5445 F.3d 1254 (10th Cir. 2006).

actual damages and punitive damages.[42] Although the prisoner sought payment of the award from the KDOC, the district court refused to order the KDOC to pay.[43] After the prisoner appealed, the Tenth Circuit affirmed the district court's decision in a single sentence, stating, "the [KDOC] is not a party, so no judgment could be entered against it."[44]

When examining *Cummings*, the magistrate judge in *Courtney* found although "there is no indication that the prevailing plaintiff in *Cummings* called the court's attention to the indemnity provisions of the KTCA, the case nonetheless demonstrates the Tenth Circuit's aversion to permitting the execution directly against the [KDOC] for a judgment entered against a prison guard."[45]

ii.    *Lampkin v. Little.* In *Lampkin v. Little,* the appeals court examined indemnification, albeit in the context of the Oklahoma Governmental Tort Claims Act ("GTCA"), rather than the KTCA.[46] In this 2004 case, judgment was entered for the plaintiff Lampkin on a § 1983 excessive force claim against a county police officer.[47] The GTCA permitted the officer to seek indemnification from his employer, the county, by filing an application for indemnification in the district court.[48] Although the officer initially applied, he later withdrew his request.  After the officer

---

[42] *Courtney*, No. 04-3255-JWL-JPO, ECF No. 210 at 4 (citing *Cummings*, 5445 F.3d at 1259).
[43] *Id.* at 4 n. 6 (citing *Cummings,* 5445 F.3d at 1259) (noting "Neither the Tenth Circuit opinion nor written orders of the district court discuss the district court's reason for this ruling.").
[44] *Id.* at 4 (quoting *Cummings,* 5445 F.3d at 1259).
[45] *Id.* at 4-5 (analyzing *Cummings,* 5445 F.3d at 1259).
[46] *Id.* (citing *Lampkin v. Little*, 85 Fed. Appx. 167 (10th Cir. Jan. 7, 2004)).
[47] *Lampkin*, 85 Fed. Appx. 167.
[48] *Courtney*, No. 04-3255-JWL-JPO, ECF No. 210 at 5 (citing 51 Okla. St. Ann. § 162).

withdrew the request, Lampkin sought to be substituted for the officer as the real party in interest, which the district court denied.[49]

Following Lampkin's appeal, the Tenth Circuit found he lacked standing to "invoke the GTCA on his own behalf."[50] In its analysis, the appellate court first reviewed the plain language of the statute, noting "the GTCA provides that a county 'shall' be liable for awards made to prevailing plaintiffs for torts committed by its employees if they were acting within the scope of their employment,"[51] and the county must pay any judgment entered against its employee in federal court for any Constitutional violation "which occurred while the employee was acting within the scope of employment."[52]  The Tenth Circuit analyzed the plain wording of the statute, but went on to look at the purpose of the GTCA.[53] The Circuit court found "a policy of indemnification aims to lessen the burdens of personal liability that employees may face as a result of their acts as employees;" therefore, "the *primary* purpose of § 162 [GTCA] is not to ensure that a wronged plaintiff is compensated, but to relieve an employee of the burden of paying a judgment should he meet the statutory prerequisites."[54] The court further noted "[t]he County is not the insurer of the judgment,' and if the court were to disapprove the application for indemnification, the plaintiff 'would have no right to seek payment from

---

[49] *Id.* (citing *Lampkin*, 85 Fed. Appx. 167).
[50] *Id*. (citing *Lampkin*, 85 Fed. Appx. at 170).
[51] *Id.* (citing *Lampkin*, 85 Fed. Appx. at 169 (citing Okla. Stat. Ann. § 153.A)).
[52] *Id.* at 6 (citing *Lampkin*, 85 Fed. Appx. at 169 (citing Okla. Stat. Ann. § 162.A.2)).
[53] *Id*. (citing *Lampkin, v. Little*, 286 F.3d 1206, 1212 (10th Cir. 2002) (cited in *Lampkin*, 85 Fed. Appx. at 169)).
[54] *Id*. (citing *Lampkin*, 85 Fed. Appx. at 169 (emphasis in original)).

the county, but rather would have to proceed against [the employee himself.]"[55] The Tenth Circuit found, "[t]he state has no constitutional or statutory obligation to ensure that a prevailing plaintiff receives the . . . award."[56] The Tenth Circuit further analogized that "Oklahoma prohibits a third-party beneficiary from seeking to enforce a contact between others on his own behalf, 'unless it clearly appears that the contract was made expressly for his benefit; and the fact that he will be incidentally benefitted by performance of the contract is insufficient.'"[57] Following this analysis, the court in *Lampkin* determined the prevailing plaintiff could not invoke the GTCA provisions directly against the state.[58]

In *Courtney*'s analysis of *Lampkin*, the magistrate judge in *Jones* likened the GTCA to § 75-6109 and § 75-6116 of the KTCA and echoed the Lampkin findings.[59] Despite the differences in the Oklahoma and Kansas statutes, the *Courtney* court paid particular attention to the Tenth Circuit's analysis of the underlying purpose of the indemnification laws.[60]  Finding the *Lampkin* analysis instructive, the magistrate judge in *Courtney* explained:

> Like the KTCA, the plain language of the GTCA places liability on governmental entities for damages resulting from acts or omissions of their employees within the scope of their employment and directs governmental entities to pay judgments awarded against these employees for violations of civil rights laws. Nonetheless, the Tenth Circuit precluded the plaintiff from seeking recovery of his § 1983 judgment directly from the county. The

---

[55] *Courtney*, No. 04-3255-JWL-JPO, ECF No. 210 at 6 (citing *Lampkin*, 85 Fed. Appx. at 170).
[56] *Id.* at 6-7 (citing *Lampkin*, 85 Fed. Appx. at 170).
[57] *Id.* (citing *Lampkin*, 85 Fed. Appx. at 170) (other internal citations omitted).
[58] *Id.*
[59] *Id.*
[60] *Id.* at 7-8.

court recognizes that the GTCA contains language not found in the KTCA that requires applications for indemnification be brought in the name of the real party in interest and not under a right of subrogation, *but the absence of this language does not change the outcome. The Tenth Circuit ruled that policies of indemnification have the primary purpose of lessening the burden on state employees, not of ensuring that prevailing plaintiffs collect on judgments, and this reasoning applies to the GTCA and KTCA equally.*[61] Moreover, as in Oklahoma, a third party in Kansas has no right to pursue enforcement of a contract between others unless the contract clearly expresses that it was made for his benefit.[62] *The provisions of the KTCA that provide for the payment of judgments by the state for the civil rights violations of its employees are "agreements between the state and its employees," and do not make any reference to benefitting prevailing plaintiffs.* Given these considerations, the court holds that *Lampkin* compels a finding that Mr. Jones may not attempt to enforce the judgment obtained against Mr. Courtney by invoking the provisions of the KTCA directly against the Kansas Department of Corrections.[63]

After the magistrate judge issued this recommendation in *Courtney*, the district judge upheld the magistrate's decision, finding, "As aptly noted by the magistrate judge, these Tenth Circuit cases reflect the Circuit's view that the *policies of indemnification have the primary purpose of lessening the burden on state employees, not of ensuring that prevailing plaintiffs collect on judgments*."[64] The Tenth Circuit later vacated the district court's judgment on other grounds, finding the KDOC was immune from suit on Eleventh Amendment immunity grounds and the district court therefore had no jurisdiction to consider the merits of the claim.

---

[61] *Courtney,* No. 04-3255-JWL-JPO, ECF No. 210 at 7-8 (emphasis added).

[62] *Id.* (citing *Silvey v. Meier*, 159 P.3d 1061 (Kan. Ct. App. 2007); *Lewis v. Globe Const. Co.*, 630 P.2d 179, 184–85 (Kan. Ct. App. 1981)).

[63] *Id.* (citing *Barger v. Kansas*, 620 F. Supp. 1432, 1438 (D. Kan. 1985) (emphasis added).

[64] *Jones v. Courtney*, No. 04-3255-JWL, 2011 WL 3889242, at *1 (D. Kan. Aug. 31, 2011), *judgment vacated, appeal dismissed,* 466 F. Appx. 696 (10th Cir. 2012) (emphasis added).

Although the District of Kansas decisions in *Jones v. Courtney* were ultimately vacated on other grounds, the Court's discussion of, and reliance on, the earlier Tenth Circuit cases are persuasive to the Plaintiff's request in this action.  And although *Courtney* and *Cummings* involved a non-party government entity, unlike the situation at hand, ultimately this Court finds compelling the earlier courts' analyses of the underlying purpose behind the indemnification statutes.

Plaintiff cites no authority, aside from the statutes, to support her proposed indemnification claim. The only authority she cites, in fact, is *Lampkin*, which she attempts to distinguish because the Circuit applied Oklahoma law.  But Plaintiff ignores the application by at least two other courts in this District, as well as the *Cummings* case.

This Court relies on the well-reasoned opinions of others in the District of Kansas and the Tenth Circuit to find the underlying purpose of the indemnification statutes is not served by Plaintiff's suggested amendment to her complaint.  As previously noted in the well-reasoned opinions from this District, policies of indemnification lessen the burden on state employees—they do not ensure a prevailing plaintiff's ability to collect on judgments.[65]  And the KTCA provisions cited by Plaintiff are "agreements between the state and its employees," without reference to any intended benefit to prevailing plaintiffs.[66]  Finding Plaintiff's proposed indemnification claim is subject to dismissal and therefore futile for these reasons, this Court **RECOMMENDS DENIAL** of Plaintiff's motion to amend to include a claim for indemnification.

[65] *Courtney,* No. 04-3255-JWL-JPO, ECF No. 210 at 8.
[66] *Id.*

28

Moreover, even if the underlying purpose of the statutes was not enough, the Court has other serious misgivings regarding the plausibility of the indemnification claim.  Most significantly, the Court has concerns regarding the claim's potential prematurity.  Kansas law is clear a "cause of action for indemnity does not accrue until the indemnitee . . . suffers actual loss or damage by paying money for which the indemnitee seeks indemnification."[67]  Here, the indemnitees are the government employees—the individual defendants—and they will suffer no loss until and unless a judgment is entered against them.

Other arguments raised by Defendants give the Court pause, and though none wholly influence the decision, in the aggregate they tend to tip the scales against amendment.  For example, by its clear language, the KTCA imposes indemnification only on the "governmental entity," which would appear to be only the state agency or municipality—not individual employees, such as Sheriffs Gay and Montagne.[68]  Plaintiff provides no authority for naming these individuals as defendants of any indemnification

---

[67] *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 261 Kan. 17, 40, 927 P.2d 466, 484 (1996). *See also Leiker v. Gafford*, 249 Kan. 554, 558, 819 P.2d 655, 658 (1991), *disapproved of on other grounds by Martindale v. Robert T. Tenny, M.D., P.A.*, 250 Kan. 621, 829 P.2d 561 (1992) ("the necessity for *actual* damage to the indemnitee is a condition precedent to the liability of the indemnitor . . . *a cause of action for indemnity based on tort does not accrue until the indemnitee has suffered an actual loss.*" (quoting 41 Am. Jur. 2d, Indemnity § 32 (emphasis in original)).  As noted in *Leiker*, "Simply because one has been found liable for an obligation of another, it does not necessarily follow that one is entitled to indemnification. A *condition precedent to indemnification is that the indemnitee must actually have paid on the obligation for which he seeks indemnification.*" *Leiker*, 249 Kan. 554, 558–59 (emphasis added.)
[68] *See, e.g.*, K.S.A. § 75-6109, noting "a *governmental entity* is liable . . . [and a] "*governmental entity* shall not be liable". . . [and the] "*governmental entity* shall have the right to recover . . . .". *See, e.g.*, K.S.A. § 75-6116(a), reading, ". . . the *government entity* shall provide for the defense . . ." and "(b) The *government entity* . . . shall pay . . . ." And, under K.S.A. § 75-6102, "'Governmental entity' means state or municipality." (emphases added throughout).

claims.  Additionally, Defendants initially raised the question (although it is not reiterated in any surreply) whether Plaintiff provided the necessary notice to the municipalities under K.S.A. § 12-105b(d) as a condition precedent to seeking relief under the KTCA[69]—a question which Plaintiff ignores in her briefing.

On the whole, applying the standard for futility in amendment, the Court finds Plaintiff's proposed indemnification claim is subject to dismissal, even when viewing the facts in the light most favorable to Plaintiff.

### 3.   Undue Delay

In addition to futility, another primary factor to be considered by the Court is the timeliness of Plaintiff's motion.  The Newton Defendants specifically argue Plaintiff's motion comes after two years of litigation in this case and relies upon the same facts as the original Complaint. (ECF No. 119.)  But the Court notes since the filing of this action, the case has been embroiled in dispositive motions and the appeal process, and twice Defendants argued for a stay of all deadlines.  However legitimate—a topic which the Court takes no issue—the delays in this case have, to date, been caused by the defense. Additionally, Plaintiff clearly broached the topic of amendment during dispositive motion briefing, and Judge Broomes suggested the issue should be the topic of a later motion in

---

[69] *See, e.g.*, Achilles' Resp., ECF No. 118 at 9-10 (citing *Sleeth v. Sedan City Hosp.*, 298 Kan. 853, 863, 317 P.3d 782, 789 (2014), and *Reindl v. City of Leavenworth*, 361 F. Supp. 2d 1294, 1302 (D. Kan. 2005), to argue notice under K.S.A. 12-105b is a prerequisite to filing a lawsuit against a municipality) (other citations omitted).

compliance with the local rules.[70] It was logical for the parties to ascertain the Tenth

Circuit's opinion on the issue of the immunity of the county sheriffs[71] and avoid

additional motion practice—and in fact, the appeal divested this Court of authority over

the issues appealed.[72]  Plaintiff filed her motion for leave to amend within two weeks

following the Tenth Circuit's mandate and prior to any schedule being established.

　　Although some defendants cite *Humes v. Cummings*[73]—a District of Kansas case

where leave to amend was denied—to contend Plaintiff should have sought leave to

amend earlier, this case is distinguishable.  In *Humes*, the Court granted Plaintiff leave to

amend during a first round of motions to dismiss, then during a second round, when

Plaintiff again sought leave to amend, her motion was denied.  She failed to comply with

D. Kan. 15.1 by attaching a copy of her proposed amendment, and the court found it had

already provided her an opportunity to amend for at least one claim.[74]  For another claim,

Plaintiff possessed all the necessary facts at the filing of her case, but as a "result of her

---

[70] *See* Order, ECF No. 88 at 11, n. 8 (noting although "Plaintiff proposes amending her complaint" to address deficiencies in her pleading (p. 11), "[t]he court declines to treat Plaintiff's proposal as a motion for leave to amend." (n. 8)).

[71] *See* Pls.' Reply, ECF No. 129 at 12.  *See also* Sheriff Gay's Mem. in support of Mot. To Stay, ECF No. 100, discussing the basis of his appeal.  Sheriff Gay's interlocutory appeal addressed the issue of whether county sheriffs were shielded by Eleventh Amendment immunity, a topic on which courts in this District had been split. *See* Mem. and Order, ECF No. 88 at 26-27.

[72] *See Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) ("a federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) and *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)).

[73] *Humes v. Cummings*, No. 18-2123-DDC-GEB, 2019 WL 1596579 at *7-8 (D. Kan. Apr. 15, 2019)

[74] *Id.* at *7-8.

failure to research the governing law adequately" her proposed Second Amended Complaint named a party who was not a viable defendant.[75] The court found "another round of leave to amend, and another rounds of motion to dismiss, will compound the delay already imposed on this case."[76]

Unlike the plaintiff in *Humes*, this is Plaintiff's first request for amendment, and this case—despite its age—is in its earliest procedural stages.  A schedule has not yet been entered, and barring additional motion practice, an amendment may actually encourage this case to finally proceed to discovery on a significantly narrowed pleading. Although some practical delay has, and may occur as a result of amendment, the Court does not find this delay to be undue considering the posture of the case.  This factor weighs in favor of amendment.

### 4.      Other Factors

Although Defendants confront primarily the issues of futility and undue delay in their respective briefs, the other factors weighed by the Court, such as bad faith and prejudice to the non-moving party, were not so thoroughly addressed.  Despite the parties' lack of attention, the Court briefly considers each topic and finds all balance in favor of amendment.

Defendants do not suggest Plaintiff is guilty of any bad faith, and the Court sees none demonstrated in the parties' submissions. Therefore, this factor weighs in Plaintiff's favor.

---

[75] *Id*. at *8.
[76] *Id*.

Most importantly, Defendants (in fact, only one set of Defendants) present minimal argument regarding the prejudice they may might face if the amendments suggested herein are permitted.  As the parties opposing amendment, Defendants bear the burden to demonstrate undue prejudice within the meaning of Rule 15.[77] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[78]  While any amendment invariably causes some "practical prejudice," undue prejudice means that the amendment "would work an injustice to the defendant."[79]

Considering the current procedural posture of the litigation, the Court struggles to discern any true injustice which might occur from amendment.  In the event this Court's recommendation is upheld, the claims in this case moving forward vary minimally from the earlier operative pleading as narrowed by Judge Broomes' earlier order, and should elicit little challenge.  Despite its age, this case is in a relatively early stage, with discovery having not yet commenced and a scheduling conference set to occur within days.  (*See* Order, ECF No. 137.)  All parties will have adequate time and opportunity to fully defend the claims.  For these reasons, and given the Court's finding that Plaintiff has not unduly delayed, the Court finds Defendants fail to demonstrate prejudice

---

[77] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).
[78] *Id*. (citing *U.S. v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).
[79] *Id*. (citing *Sturdevant,* 2008 WL 4198598, at *3; other internal citations omitted).

sufficient to prohibit the proposed amended pleading and this "most important factor"[80] weighs in favor of amendment.

### D.   Conclusion

Plaintiff's request to amend her complaint is timely, no bad faith is asserted, and Defendants failed to demonstrate undue prejudice which may occur as a result of the amendment.   Even if the eventual viability of Plaintiff's municipal liability claims are unclear, at this point the Court is tasked with viewing the facts in the light most favorable to Plaintiff.   Defendants will have the later opportunity to file summary judgment motions to further clarify the claims presented.   At this juncture, with minimal prejudice outlined by Defendants, and considering the procedural posture of the case, the Court prefers this case to proceed on its full merits.[81]   In the interests of justice, the Court will allow Plaintiff to amend her Complaint, in part as described above, with two exceptions: Plaintiff may not replead the previously-dismissed claims, and the Court recommends the indemnification claim not be included.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (**ECF No. 114**) is **GRANTED in part and DENIED in part** as set forth above.   Plaintiff is permitted to amend her Complaint to address the municipal liability claims and substitute the Boards of Commissioners for McPherson and Harvey Counties.   Plaintiff is not permitted to replead previously-dismissed claims.   Plaintiff

---

[80] *Minter*, 451 F.3d at 1207 (noting, "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.")
[81] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).

shall file her First Amended Complaint **within 14 days** of the District Court's ruling on the recommendation below.

**IT IS RECOMMENDED** pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rules 72.1.1(d) and 72.1.4 that Plaintiff's request to include a claim for indemnification be **DENIED**.

**IT IS FURTHER ORDERED** that this Report and Recommendation be served electronically through the Court's CM/ECF system.   Pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4 either party may file a written objection to the proposed recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[82]

As previously ordered, a Scheduling Conference is set for **November 30, 2020** at **11:00 a.m. by Zoom videoconference** before Judge Birzer. The parties must confer and submit a planning report to chambers at KSD_Birzer_Chambers@ksd.uscourts.gov no later than **November 23, 2020**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 17th day of November, 2020.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[82] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).